**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

March 14, 2011

Peter Robert Bray
Bray & Bray, LLC
Ivy Corporate Park
100 Misty Lane
Parsippany, NJ 07054-2710
    (*Attorney for Appellant*)

Kenneth Michael Lewis
Teitelbaum & Baskin, LLP
3 Barker Avenue, Third Floor
White Plains, NY 10601
    (*Attorney for Appellee,*
    *JP Morgan Chase Bank, N.A.*)

Robert M. Marshall
Marshall & Quentzel, LLC
155 Willowbrook Boulevard
Wayne, NJ 07470
    (*Attorney for Appellee,*
    *All Points Capital Corp.*)

Scott Cargill
Lowenstein Sandler P.C.
65 Livingston Avenue
Roseland, NJ 07068
    (*Attorney for Appellee,*
    *Harold M. Pitman Company*
    *d/b/a Pitman Company*)

David B. Grantz
Meyner & Landis LLP
One Gateway Center, Suite 2500
Newark, NJ 07102
    (*Attorney for Appellee,*
    *The Provident Bank*)

    **RE:** **Pandolfelli v. JP Morgan Chase Bank, N.A.**
         **Civ. No. 10-5366 (WJM)**
         **Pandolfelli v. All Points Capital Corp.**
         **Civ. No. 10-5367 (WJM)**
         **Pandolfelli v. Harold M. Pitman Company**
         **Civ. No. 10-5373 (WJM)**
         **Pandolfelli v. The Provident Bank**
         **Civ. No. 10-5390 (WJM)**

Dear Counsel:

This matter comes before the Court upon Appellant Basil Pandolfelli's four (4) motions for leave to appeal, filed in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") and transmitted to this Court pursuant to Federal Rule of Bankruptcy Procedure 8003(b). Appellant seeks review of the Bankruptcy Court's denial of his motions in four separate adversary proceedings to vacate defaults and for leave to file his answers out of time. Since the motions all share common facts and identical issues of law, and since the same Bankruptcy Court decision is being appealed in all four motions, the Court will address them collectively. There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, each of the Appellant's motions for leave to appeal are **DENIED**.

## I.   BACKGROUND

Appellant filed for Chapter 7 bankruptcy on April 9, 2009. (The Bankruptcy Court's Sept. 14, 2010 Opinion, hereinafter "Op.," at 2.) Four of his creditors commenced adversary proceedings against him on July 20th and 21st of 2009, seeking a determination that his debts are nondischargeable under § 523, and a revocation of discharge under § 727 in one case. (*Id.*) These were JP Morgan Chase Bank, N.A. ("Chase"), The Provident Bank ("Provident"), All Points Capital Corp. ("All Points"), and Harold M. Pitman Company d/b/a Pitman Company ("Pitman"). Pursuant to Federal Rule of Bankruptcy Procedure 7012(a), Appellant's time to respond expired in August 2009. (*Id.* at 3.) After time had expired, he attempted to secure an extension. Chase granted no extension, Pitman granted an extension to September 1, 2009, Provident to September 8, and All Points to September 9. (*Id.*) However, Appellant still did not respond by these deadlines. Therefore, on December 12, 2009, the Court granted default requests. (*Id.*)

After the Bankruptcy Court entered default against him, Appellant filed motions to vacate the defaults and for leave to file his answers out of time on December 14, 2009. (Op. at 3.) A hearing was conducted on March 1, 2010, and on September 14, 2010, the Bankruptcy Court entered an Opinion and Order denying Appellant's motions. Appellant then filed the instant motions for leave to appeal in all four cases, which were then transmitted to this Court pursuant to Federal Rule of Bankruptcy Procedure 8003(b).

**II.     DISCUSSION**

In his motions to vacate defaults and for leave to file his answers out of time, Appellant argued that the default should be vacated for good cause under Federal Rule of Bankruptcy Procedure 7055(c) because his failure to answer was due to circumstances beyond his control. Namely, he pointed to a divorce proceeding that froze his assets and prevented him from accessing his funds in order to pay for an attorney. (Appellant's Aff. in Supp. of Mot. to Vacate Default ¶ 5.)

Applying the standard for seeking leave to file answers out of time, Fed. R. Bankr. P. 7012, and the standard for vacating defaults, Fed. R. Bankr. P. 7055, the Bankruptcy Court held that Appellant failed to meet either standard and denied his motions. In his motions for leave to appeal, Appellant argues that the Bankruptcy Court's findings were erroneous, and that he (a) can present meritorious defenses to the claims in the Complaint; (b) was not culpable in failing to timely answer as he did not have the funds available to retain counsel; and (c) the other parties were not prejudiced during the delay.

    A.     <u>Motion for Leave to Appeal – Standard</u>

The Bankruptcy Court's Order denying Appellant's motions to vacate default and for leave to file an Answer out of time is an interlocutory order and is not appealable as of right. 28 U.S.C. §158(a)(1); *See Shimer v. Fugazy*, 982 F.2d. 769, 775 (2d. Cir. 1992) (Bankruptcy Court orders are considered interlocutory unless they "finally dispose of discrete disputes within the large case"). Such an appeal may only be taken if leave is granted by the Court. Fed. R. Bankr. P. 8001(b). Since 28 U.S.C. § 158(a) does not provide criteria for courts to use in determining when leave to file an interlocutory appeal should be granted, courts have applied the standards set forth in 28 U.S.C. § 1292(b) governing interlocutory appeals from district courts to courts of appeal. *Truong v. Kartzman*, No. 06-3286, 2007 U.S. Dist. LEXIS 45451, at *5 (D.N.J. June 22, 2007). Leave to file an interlocutory appeal may be granted where the order "involves a controlling question of law," as to "which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). In addition, the party seeking an interlocutory appeal has the burden of showing "exceptional circumstances." *See Perera v. Cogan*, 265 B.R. 32, 34 (S.D.N.Y. 2001); *Bowie Produce Co. v. Magic Am. Cafe (In re Magic Restaurants)*, 202 B.R. 24, 25 (D. Del. 1996).

    B.     <u>Section 1292(b) Factors</u>

Turning to the specific factors set forth in Section 1292(b), under the first factor, a

question of law is considered "controlling" if its "incorrect disposition is one that would require reversal of the final judgment." *Truong,* 2007 U.S. Dist. LEXIS 45451, at *7. For the second factor to be met, the grounds for a difference of opinion regarding the correctness of the Bankruptcy Court's legal conclusion must "arise out of genuine doubt as to the correct legal standard." *Id.* Finally, in order to satisfy the third factor, "the moving party must demonstrate that a resolution of the matter would materially advance the ultimate termination of the litigation." *Id.* at *7-*8.

Here, Appellant has failed to satisfy any of the three factors. First, the Bankruptcy Court's decision was based on the findings that (1) Appellant failed to demonstrate excusable neglect in failing to answer or otherwise plead as he had made a willful choice not to respond, and (2) Appellant's delay in answering prejudiced the other parties as it gave Appellant time to conceal evidence and/or assets. (Op. at 2.) Neither of these findings are on questions of law. Instead, they are clearly factual findings based on the evidence submitted by Appellant to show excusable neglect, and the evidence submitted by Appellees to show prejudice. Therefore, the first and second factors under Section 1292(b) have not been met, as the Bankruptcy Court's decision was based not on legal conclusions but on factual findings. As for the third factor, an immediate appeal in this case would not materially advance the ultimate termination of the litigation, but would instead cause only delay and additional expense to the parties. *Truong*, 2007 U.S. Dist. LEXIS 45451, at *8. As such, Appellant has failed to meet any of the three factors to be considered in determining whether or not to grant leave to file an interlocutory appeal.

### C.    No "Exceptional Circumstances" are Present

Furthermore, since appeals under 28 U.S.C. § 1292(b) represent a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation,'" leave to file such an appeal is only granted where the appellant has established exceptional circumstances. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). Appellant argues that exceptional circumstances are present here, since he is concurrently facing a state court matrimonial action which created "unusual hurdles" for the Appellant. (Appellant's Oct. 15, 2010 Reply Br. at 4.) However, all Appellant is really claiming is that the divorce proceeding impeded his ability to access the funds he needed to retain counsel of his choice. (Op. at 8.) As discussed above, the Bankruptcy Court appropriately found that these circumstances do not even provide an excuse for Appellant's failure to answer the complaint or otherwise plead, let alone constitute "exceptional circumstances." Therefore, not only has Appellant failed to satisfy the 28 U.S.C. § 1292(b) factors, but he has failed to show "exceptional circumstances" justifying interlocutory appeals of the Bankruptcy Court's

decision.

### III.   CONCLUSION

For the foregoing reasons, the four (4) motions for leave to file an interlocutory appeal by Appellant, Basil Pandolfelli, are **DENIED**.  An Order follows this Letter Opinion.

                                                             s/ William J. Martini
                                                            **WILLIAM J. MARTINI, U.S.D.J.**